IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DEANNA LOPEZ, ELIJAH LOPEZ-LUCERO,
SHAYLEE LOPEZ-LUCERO,

      Plaintiffs,

    v.                                                                               No. 22cv820 DHU/SCY

HERITAGE HOTELS & RESORTS, INC.,
THOMAS SNODGRASS, and
TINA L. MARCELLI,

      Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court sua sponte. On November 1, 2022 Defendant Thomas Snodgrass removed this case from state court to federal court. Doc. 1. The Notice of Removal asserts federal question jurisdiction. *Id.* "Federal subject matter jurisdiction is elemental. It cannot be consented to or waived, and its presence must be established in every cause under review in the federal courts." *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1022 (10th Cir. 2012). Even "[i]f the parties do not raise the question" themselves, it is the court's duty to address an apparent lack of jurisdiction sua sponte. *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir. 1988). "[A] federal court must remand a removed action back to state court if at any time before final judgment it appears that the district court lacks subject matter jurisdiction. § 1447(c). The party invoking federal jurisdiction has the burden to establish that it is proper . . . ." *Salzer v. SSM Health Care of Okla. Inc.*, 762 F.3d 1130, 1134 (10th Cir. 2014).

"For a case to arise under federal law [sufficient to support federal-question jurisdiction], the plaintiff's 'well-pleaded complaint' must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution

of a substantial question of federal law." *Firstenberg*, 696 F.3d at 1023 (internal quotation marks omitted). "The well-pleaded complaint rule makes the plaintiff the 'master' of his claim. The plaintiff can elect the judicial forum-state or federal-based on how he drafts his complaint. Although he may not circumvent federal jurisdiction by omitting federal issues that are essential to his claim, he can nevertheless avoid federal jurisdiction by exclusive reliance on state law." *Id.* (cleaned up). "Though we do not hold the pro se plaintiff to the standard of a trained lawyer, we nonetheless rely on the plaintiff's statement of his own cause of action. Thus, we may not rewrite a complaint to include claims that were never presented." *Id.* at 1024 (cleaned up).

Plaintiffs' statement of their own causes of action presents issues of state law: contract, tort, and the New Mexico public accommodation statute. Doc. 1-2 at 1-3 ("Amended Complaint"). Although Plaintiffs cite and quote a version of the New Mexico public-accommodation requirement that is no longer good law,[1] the cause of action is unmistakably state law rather than federal law. Doc. 1-2 at 2 ("All persons shall have the right to the full and equal accommodations, advantages, facilities and privileges of any place of public accommodation, resort or amusement *within the state of New Mexico* . . . .") (emphasis added).

As grounds for federal question jurisdiction, the Notice of Removal alleges that Plaintiffs cited federal law in two places in their Amended Complaint:

> Plaintiffs allege that Defendants violated "Public Law 88-352, 78 Stat. 241," which is the Civil Rights Act of 1964. (See Amended Complaint at 1, 3, attached hereto as Exhibit B).
>
> . . . .

---

[1] Plaintiffs cite NMSA §§ 49-8-1 to 49-8-5, which was the codification of "An Act Prohibiting Discrimination In Places Of Public Accommodation, Resort And Amusement Because Of Race, Color, Religion, Ancestry Or National Origin And Providing Penalties." *See* N.M. Laws 1955, ch. 193. The modern, current New Mexico public accommodation law is contained within the New Mexico Human Rights Act, NMSA § 28-1-7.

> Plaintiffs further allege that Defendants violated "Federal Public Accommodations Law" and that "[u]nder the civil rights act of 1964, a place of public accommodation cannot discriminate on the basis of race, color, religion or national origin." (See Amended Complaint at page 9, attached hereto as Exhibit B).

Doc. 1 at 3.

These are two isolated references to federal law: one in a string cite consisting mostly of state statutes (located on page 1 of the Amended Complaint and repeated on page 3), and the other in an informal letter attached to the Amended Complaint. These stray citations to the federal public accommodation statute, without more, are insufficient to invoke federal-question jurisdiction. "The mere mention of a federal statute in a complaint does not create federal question jurisdiction." *Kumar v. ChaseBank, N.A.*, 2013 WL 4670193, at *1 (M.D. Fla. Aug. 28, 2013). A complaint that references federal statutes but "does not seek relief under any federal law," nor seeks an order "interpreting any federal law," is not sufficient to invoke the jurisdiction of the federal courts. *Id.* "Rather, federal question jurisdiction requires that a party assert a *substantial* federal claim." *Id.* (emphasis added); *see also Dabney v. Shapiro & Fishman, LLP*, No. 11cv342, 2012 WL 10816231, at *2 (N.D. Fla. Feb. 9, 2012) ("The mere assertion of a federal claim or citation to a federal statute is not sufficient to obtain jurisdiction under 28 U.S.C. § 1331.").

The Notice of Removal also alleges that Plaintiffs bring claims under 42 U.S.C. § 1983, Doc. 1 at 3, but this is inaccurate; nowhere in the Amended Complaint is this federal statute cited or invoked. Nor does the Amended Complaint reference any federal constitutional provisions.

Finally, the Notice of Removal relies on factual allegations that could support equally the federal or the state public-accommodation law:

> Plaintiffs allege following arrival at a hotel, they were called "called racial slurs" by a security guard, Defendant Thomas Snodgrass and "locked out of the hotel."

3

> Plaintiffs further allege that they were "treated differently in public places of accommodation ... [ and] denied access because of [their] color race and origin."

*Id.* This, too, is insufficient for federal question jurisdiction, because Plaintiffs are masters of their own complaint, and as explained above, are permitted to invoke state law only, even if federal law contains an equally viable cause of action based on the facts.

THEREFORE, IT IS ORDERED THAT Defendant Thomas Snodgrass shall show cause in writing no later than **February 6, 2023** as to why this Court has federal-question jurisdiction in light of the legal principles set forth above.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE